### Leister v. Kelley.
### Same v. Stapp.
Sept. 29, 1939.

Eugene Hubbard, Judge.

Woodward, Dawson & Hobson for appellant.

Lawrence S. Grauman for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

By agreement of parties these two cases were tried together below and the appeals having been heard together in this court, both cases will be disposed of in this opinion.

Appellees, Kelley and Stapp, plaintiffs below, were each engaged in the retail liquor business in Lexington, Kentucky, and appellant, defendant below, was a common carrier operating a line of trucks from Louisville to Lexington. On January 21, 1937, Kelley purchased forty-four cases of whiskey from the Old Colonel Distributing Company of Louisville, and on that same day Stapp purchased thirty-four cases of whiskey from the same company. On Saturday afternoon, January 23rd, Joe Schiff, acting for the Old Colonel Distributing Company, at the instance of Kelley and Stapp, called the appellant by telephone and arranged for him to transport the whiskey to Lexington and to deliver it to the purchasers. Around 3 o'clock on this Saturday afternoon appellant called for the whiskey at the Distributing Company's place of business, issued bills of lading for it and told Schiff the whiskey would be delivered to the consignees, Kelley and Stapp, the following Monday morning. Appellant then took the whiskey to the Doyle Transfer Warehouse at Hancock and Main Streets in Louisville, which is a large warehouse used by some twenty truck lines as a depot and is protected by a watchman day and night. There he unloaded the whiskey, intending to send it to the consignees at Lexington on one of his trucks leaving Louisville at 4 o'clock in the morning of Monday, January 25th.

After unloading the whiskey in this warehouse appellant went to his home, which he found was about to be entered by the unprecedented flood covering a great part of Louisville at that time. He was compelled to move out of his home Saturday night and the flood marooned him until February 2nd, in the house into which

he moved. On this date he went to the warehouse and found the water had not entered it, but that all of this whiskey, with the exception of nine cases, had been taken from the warehouse for hospital use during the flood emergency. The night watchman in the warehouse testified two men, Joseph Leathers and another who gave his name only as Smith, came to the warehouse in a United States mail truck and first took ten bags of beans and later returned and took the whiskey, saying they were taking it to the hospital. The watchman does not know the date this occurred, but testified he asked Leathers and Smith to sign for the whiskey and this they would not do. But the two men gave him written orders which were put on file in the office. These orders are not in the record, nor does the testimony explain them, and there is no evidence in the record to the effect that the city of Louisville was then under martial law. The record does not show these two men had any authority to take this whiskey. Daniel Revenaugh, assistant superintendent of the City Hospital of Louisville, testified that consid-erable whiskey of the same brands as the whiskey taken from the Doyle Warehouse was brought to the hospital and an attempt was made to ascertain where the whiskey came from so it could be paid for. Appellant testified ten cases of this whiskey with the name of the appellee, Kelley, written thereon was returned to the Doyle Ware-house from the Louisville Hospital after the flood.

Suits were filed by Kelley and by Stapp to recover the value of the whiskey appellant failed to deliver to them. Answering these suits, appellant pleaded the bills of lading exempted him from liability for loss or dam-age to goods caused by an act of God, or by the author-ity of law, and that this whiskey was lost without negli-gence on his part through an act of God or through the authority of the law. The act of God appellant relied upon to relieve him from his contract was the unprece-dented flood which made it impossible to remove the whiskey from the warehouse until the water receded. The authority of law under which he sought relief was the confiscation of the whiskey by Leathers and Smith for hospital use during the emergency created by the flood. There was no conflict in the evidence and at the conclusion thereof the court peremptorily instructed the jury to find for Kelley in the amount he sued for, $577; and to find for Stapp in the amount he sued for, $366.42.

We are unable to agree with appellant that this

whiskey was lost through an act of God as the flood waters never entered the warehouse where it was stored. It is true the flood prevented him from removing the whiskey on the following Monday morning as he had planned, but it cannot with reason be said the flood was the proximate cause of the loss of this whiskey. The fact that the flood may have been the remote cause of the whiskey being taken is not sufficient to excuse appellant on account of an act of God. 9 American Jurisprudence, 853, Sections 712, 713; 4 R. C. L. 715, Sections 188, 189; Louisville & Nashville Railroad Company v. Hensley, 237 Ky. 224, 35 S. W. (2d) 279; Chicago & E. I. R. Company v. Collins Company, 249 U. S. 186, 39 S. Ct. 189, 63 L. Ed. 552.

As the whiskey was not lost through an act of God, the case narrows down to the defense that appellant was prevented from delivering the whiskey by authority of law, in that it was confiscated for use in the City Hospital during the flood emergency. There is no evidence in the record to support this defense. As stated above, nothing in the record shows that Louisville was at the time under martial law, and the record is silent as to the authority, or pretended authority, under which Leathers and Smith acted when they entered appellant's warehouse and took this whiskey. To relieve appellant from liability of the acts of these two men in entering his warehouse and taking sixty-nine cases of whiskey when they were armed with no warrant of law would be inviting one citizen to take the property of another in a public emergency.

Counsel on both sides devote considerable space in their briefs to the question of whether appellant's liability is that of a common carrier or that of a warehouseman since the whiskey was stored in a warehouse awaiting a truck to transport it. As we view the case, it is not necessary to decide this question because appellant's watchman in charge of the warehouse negligently allowed two men without any authority of law to enter it and take the whiskey. Appellant is liable for the watchman's negligent act in so doing, whether he held the whiskey as a common carrier or as a warehouseman.

It is our conclusion that the trial court acted properly in peremptorily instructing the jury to find for the appellees in each case. Therefore, we affirm the Kelley case and on that authority we dismiss appellant's motion for an appeal in the Stapp case.